IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01136-DDD-CYC

JUAN ROSALES,
JAK TRUCKING, INC.

      Plaintiffs,

v.

ARROW WRECKER SERVICE, INC.;
TRISURA INSURANCE COMPANY;
GLOBAL CLAIMS SERVICE; and
DOES 1-10,

      Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter comes before the Court sua sponte due to the plaintiffs' failure to respond to the Court's Order to Show Cause, ECF No. 29, by the Court-ordered deadline.

The plaintiffs filed this case in Adams County District Court on December 11, 2025, ECF No. 1-1 at 1, and defendant Arrow Wrecker Service, Inc. removed it to this Court on March 19, 2026. ECF No. 1. On March 24, 2026, the Court set a Scheduling Conference on May 19, 2026, ECF No. 14 at 1, which was later converted to a Status Conference. ECF No. 27. The plaintiffs did not appear at the Status Conference, ECF No. 28 at 1, nor has an attorney entered an appearance on behalf of plaintiff Jak Trucking LLC. *See* D.C.COLO.LAttyR 5(b) ("a corporation, partnership, or other legal entity . . . may not appear without counsel admitted to the bar of this court).

After the Status Conference, on May 20, 2026, the Court issued an Order to Show Cause pursuant to D.C.COLO.LCivR 41.1, which provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

The show cause order directed that "**on or before June 10, 2026**, the plaintiffs shall **SHOW CAUSE**, in writing, why the Court should not dismiss their claims without prejudice pursuant to D.C.COLO.LCivR 41.1 for failure to prosecute, failure to comply with a Court order, and failure to comply with the Local Rules of this District." ECF No. 29 at 3. The order further advised plaintiffs "**that their failure to respond to this Order to Show Cause by the Court-ordered deadline may result in this Court dismissing their claims without prejudice, without further warning from the Court.**" *Id.* (emphasis in original). The clerk's office served the Order to Show Cause by email on attorney Donald Martin, who filed the plaintiffs' complaint in Adams County. ECF No. 30. To date, the plaintiffs have not responded to the Order to Show Cause, through counsel or in any other fashion.

In addition to D.C.COLO.LCivR 41.1, Federal Rule of Civil Procedure 16(f) provides in part: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A)(ii)-(vii) permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quotation marks omitted). Specifically, a plaintiff's failure to diligently prosecute his case may lead to any of the sanctions identified above, including dismissal of an action. *See Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002); *Arakji v. Hess*, No. 15-cv-00681-CMA-MJW, 2016 WL 759177, at *3 (D. Colo. Feb. 26, 2016) (dismissing case with prejudice for the plaintiff's failure to prosecute). When, as here, the dismissal contemplated is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007); *see Gibson v. Alamosa Police Dep't*, No. 25-1114, 2025 WL 1903681, at *2 (10th Cir. July 10, 2025).

Here, the plaintiffs failed to attend a Court-ordered conference, failed to hold a Rule 26(f) conference, and failed to prepare a proposed Scheduling Order, *see* ECF No. 14 at 1–2 (setting deadlines). In addition, Jak Trucking LLC's lack of representation violates the Local Rules of this District and, independently, prevents its further participation in this civil action. *See Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("[A] corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."); *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law."). Now, plaintiffs have failed to respond to the Court's Order to Show Cause by the deadline despite being specifically warned that this failure could result in their claims being dismissed without prejudice. ECF No. 29 at 3.

Based on these failures, demonstrating the plaintiffs' failure to diligently prosecute the case, it is hereby RECOMMENDED that the Complaint for Breach of Contract, Unjust Enrichment, Theft Fraud and Promissory Estoppel, ECF No. 4, be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b).[1] *See, e.g.*, *King v. El Paso Cnty. Sheriff's Office*, No. 22-cv-00697-CMA-KLM, 2023 WL 11898804, at \*2 (D. Colo. Jan. 30, 2023); *Dixon v. Nielsen*, No. 08-cv-01193-PAB-MEH, 2009 WL 42439, at \*4 (D. Colo. Jan. 7, 2009). It is further RECOMMENDED that defendant Arrow Wrecker Services, Inc.'s Motion to Stay Pending Resolution of Motion to Dismiss, ECF No. 25, be DENIED as moot. Although defendant Arrow Wrecker Services, Inc.'s Motion to Dismiss for Lack of Jurisdiction, ECF No. 16, and defendant Trisura's Insurance Company's Motion to Dismiss Plaintiffs' Complaint, ECF No. 19, have not been referred to the undersigned, the Court notes that adopting this Recommendation would also entail denying those motions as moot.

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). <u>Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.</u>

Respectfully submitted this 22nd day of June, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

5